```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF TEXAS
                       DALLAS DIVISION
```

DOROTHY P. KORNMAN GMK P.A.S.      §
TRUST, as notice partner           §
for STALWART INVESTMENTS           §
99-100 LP, a TEFRA Partnership,    § Civil Action No. 3:06-CV-0571-D
                                   § (Consolidated with
                     Plaintiff,    § 3:06-CV-0572-D, 3:06-CV-0573-D,
                                   § and 3:06-CV-0574-D)
VS.                                §
                                   §
UNITED STATES OF AMERICA,          §
                                   §
                     Defendant.    §

                      MEMORANDUM OPINION
                         AND ORDER

In these consolidated actions, plaintiff Gary Kornman ("Kornman")[1] sues defendant United States of America (the "government") under § 6226 of the Internal Revenue Code ("I.R.C."), § 26 U.S.C. § 6226, seeking readjustment of partnership items determined by the Commissioner of Internal Revenue ("IRS") in Notices of Final Partnership Administrative Adjustment ("FPAA"). In related claims, he alleges that the adjustments and penalties in each FPAA are invalid.  The court stayed these cases while awaiting the Fifth Circuit's decision in *Kornman & Associates, Inc. v.*

---

[1]The plaintiff in Civil Action No. 3:06-CV-0571-D is Dorothy P. Kornman GMK P.A.S. Trust, as notice partner for Stalwart Investments 99-100 LP, a TEFRA Partnership ("DPK Trust"); in Civil Action No. 3:06-CV-0572-D is E-Com Investments, LLC, as notice partner for Stalwart Investments, 99-99 LP, a TEFRA partnership; in Civil Action No. 3:06-CV-0573-D is Marketing Partnership 95-5, LP, as notice partner for E-Com Investments, LLC, a TEFRA partnership; and in Civil Action No. 3:06-CV-0574-D is Can Life Producer, Inc., as notice partner for GMK-MMK, LP, a TEFRA Partnership.  For ease of reference, the court will refer to all four plaintiffs collectively as "Kornman."

*United States*, 527 F.3d 443 (5th Cir. 2008) ("*Kornman I*"), which addressed the tax shelter at the heart of the instant litigation. After *Kornman I* was decided in the government's favor, it filed the instant motion for summary judgment. Kornman opposes the motion, contending that the government is precluded by limitations from recovering unpaid taxes and that it cannot establish at the summary judgment stage that it is entitled to recover the 40% gross valuation misstatement penalty. For the following reasons, the court grants the motion and dismisses these consolidated actions with prejudice.

I

Because the tax shelters at issue are substantially similar, if not identical, to the ones described in *Kornman I*, the court will not explain them in detail.[2] Instead, it will focus on the background facts that are pertinent to the issues that Kornman raises in opposition to the government's summary judgment motion and that relate to his conduct that is most pertinent to Civil Action No. 3:06-CV-0571-D.[3]

Kornman claimed the benefit of the tax shelters beginning with the 1999 federal income tax returns at issue. He requested and

---

[2]In a joint motion filed in these cases, the parties agreed that "[t]he [DPK Trust] transaction is in fact, a virtually identical transaction to the transaction presented in [*Kornman I*]." Feb. 5, 2007 Joint Mot. 1.

[3]The parties' briefs focus on the tax return of DPK Trust, the plaintiff in Civil Action No. 3:06-CV-0571-D.

received an extension of the deadline for filing the 1999 tax return of Dorothy P. Kornman GMK P.A.S. Trust, as notice partner for Stalwart Investments 99-100 LP, a TEFRA Partnership ("DPK Trust"), until October 15, 2000.  The return was eventually filed on October 10, 2000.  Section 6501 of the I.R.C., 26 U.S.C. § 6501, provides a three-year window from the time a return is filed for the IRS to assess taxes.  On September 12, 2003—prior to the three-year deadline—Kornman signed his first IRS 872-I form, which extended the deadline to assess tax until September 12, 2004.  On August 6, 2004 Kornman signed a second 872-I form,[4] further extending the assessment period until October 31, 2005.  On October 31, 2005 the IRS issued the FPAA in question.  In sum, it disallowed the claimed benefits of the tax shelters and assessed a 40% accuracy-related penalty.

Kornman brings petitions under I.R.C. § 6226, 26 U.S.C. § 6226, in these consolidated actions, as he did in the litigation that the Fifth Circuit addressed in *Kornman I*.  The government moves for summary judgment, contending that *Kornman I* controls and that the government is entitled to summary judgment sustaining the adjustments proposed in the FPAAs.  Kornman concedes that *Kornman I* at least partially controls these cases, but he opposes summary judgment on the following grounds.  Regarding unpaid taxes, he

---

[4]The form was signed on August 6, 2004 and received by the IRS on August 12, 2004.  The court will refer to it by the date it was signed.

contends that the FPAA related to DPK Trust was not timely filed and thus the IRS is barred by limitations from assessing taxes related to 1999. Concerning the 40% penalty, he maintains that the government cannot rely on *Kornman I* to establish a right to recover the 40% penalty because neither the district court nor the Fifth Circuit in *Kornman I* decided that issue. And he posits that, under I.R.C. § 6664(c), reasonable reliance is a defense to the 40% penalty and that the inherently factual nature of the reliance inquiry precludes summary judgment for the government.

II

Kornman first contends that the IRS is barred by limitations from assessing taxes based on events in 1999 because the FPAA was untimely filed.[5]

The government has attached a copy of the 827-I form that Kornman signed on August 6, 2004, which extended the tax-assessment period until October 31, 2005, to its summary judgment motion. Kornman asserts that this extension was invalid because the DPK Trust's 1999 tax return was filed on October 10, 2000. Therefore, considering the three-year limitation period mandated in the I.R.C., he contends that any tax assessment or extension must have

---

[5]Kornman does not rely on this assertion in his complaint. He raises it for the first time in opposition to the government's summary judgment motion.

- 4 -

been in place before October 10, 2003.[6]  The court disagrees.

Kornman's response ignores the fact that the 827-I form he signed on August 6, 2004 was actually the *second* extension.  His *first* 827-I form, signed on September 12, 2003, extended the tax-assessment period until September 12, 2004.  The filing of the 827-I form signed on August 12, 2004 occurred within the validly-extended period for tax assessment, and it extended the assessment period until October 31, 2005.  Kornman cannot avoid summary judgment based on limitations.

III

Kornman argues second that the IRS is not entitled to summary judgment establishing its right to recover the 40% accuracy-related penalty.[7]  He maintains that the government cannot rely on *Kornman I* to establish a right to recover the 40% penalty,[8] that reasonable

---

[6]Kornman makes this claim despite the fact that he was the person who signed the 827-I form on August 6, 2004 on behalf of the DPK Trust, and his signature appears on the document.

[7]Regarding penalties, the FPAA states:

> It is determined that the 40% accuracy-related penalty provided by I.R.C. § 6662(h) or, alternatively, the 20% accuracy-related penalty provided by I.R.C. § 6662(a) applies to the entire amount of any underpayment of tax attributable to the adjustments of partnership items of the partnership for the taxable year ending December 29, 1999.

Compl. Ex. A.

[8]The court may assume that *Kornman I* does not resolve this issue.  The government is nevertheless entitled to summary

reliance is a defense, and that the inherently factual nature of the reliance inquiry precludes summary judgment.

A

Kornman is relying on a reasonable reliance defense under I.R.C. §§ 6662 and 6664, for which he will have the burden of proof at trial. *See Reynolds v. Comm'r*, 296 F.3d 607, 618 (7th Cir. 2002). Because he has the burden, the government can obtain summary judgment by pointing to the absence of evidence of any essential element of this defense. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).[9] Once it does so, Kornman must go beyond his pleadings and designate specific facts demonstrating that there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict in his favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Kornman's failure to produce proof as to any essential element renders all other facts immaterial. *See Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary

---

judgment.

[9]As the court explains *infra* at § III(C), the government did not point to the absence of evidence in its opening brief; it did not do so until its reply brief. The court will nevertheless treat this argument as properly raised for the reasons explained, and it will afford Kornman the opportunity to seek post-judgment relief if he has a basis to do so.

judgment is mandatory if Kornman fails to meet this burden. *See Little*, 37 F.3d at 1076.

B

In response to the government's motion, Kornman relies on an affidavit that consists of five sentences. Concerning his reasonable reliance defense, he offers this conclusory assertion: "The [DPK Trust] reasonably relied on the return preparer to prepare an accurate return for the Trust." P. Resp. Br. Ex. A ¶ 4.[10] To raise a genuine issue of material fact, a nonmovant cannot rely on conclusory assertions, as does Kornman. *See, e.g., Marshall ex rel. Marshall v. East Carroll Parish Hosp. Serv. Dist.*, 134 F.3d 319, 324 (5th Cir. 1998) (holding that affiant's "conclusory, unsupported statements in [an] affidavit" do not create genuine issue of material fact). The government is therefore entitled to summary judgment despite Kornman's belated assertion of a reasonable reliance defense.

C

The government did not point to the absence of evidence to support the reasonable reliance defense until it filed its reply brief. *See* D. Reply Br. 4-5. Normally, this would preclude summary judgment, both because the summary judgment movant must

---

[10]Kornman's response and affidavit omit the fact that Kornman himself prepared and filed the Trust's tax return, for which he serves as the trustee.

- 7 -

initially point to the absence of evidence[11] and because the court will not normally consider arguments first raised in a reply brief.[12]  But here, although Kornman mentioned the 40% penalty in his complaint, *see* Compl. ¶ 25, he did not plead the reasonable reliance defense.  He did not raise the defense until he filed his opposition response to the government's summary judgment motion.  (Presumably, he did not do so because he filed his complaint before the Fifth Circuit rejected his pertinent claims in *Kornman I*.)  A party cannot rely on an unpleaded claim or defense to avoid summary judgment.[13]  In these circumstances, the government could not have been expected to point to the absence of evidence until Kornman raised the defense, i.e., until it filed its reply brief.  It did so at the first available opportunity.

Nevertheless, to ensure that the procedure the court is following is fair and complies with Fed. R. Civ. P. 56, the court

---

[11]*See, e.g., Clark v. America's Favorite Chicken*, 110 F.3d 295, 297 (5th Cir. 1997) ("[O]nce the moving party meets its initial burden of pointing out the absence of a genuine issue for trial, the burden is on the nonmoving party to come forward with competent summary judgment evidence establishing the existence of a material factual dispute." (citation omitted)).

[12]*See, e.g., Senior Unsecured Creditors' Comm. of First RepublicBank Corp. v. FDIC*, 749 F. Supp. 758, 772 (N.D. Tex. 1990) (Fitzwater, J.) (holding that court will not consider argument raised for first time in reply brief).

[13]*See, e.g., Days Inn Worldwide, Inc. v. Sonia Invs.*, 2006 WL 3103912, at *20 (N.D. Tex. Nov. 2, 2006) (Fitzwater, J.) (citing *Becker v. Nat'l Educ. Training Group, Inc.*, 2002 WL 31255021, at *6 (N.D. Tex. Oct. 7, 2002) (Lynn, J.)).

invites Kornman to file a Rule 59(e) motion to alter or amend the judgment if he can establish that, notwithstanding his failure to raise the reasonable reliance defense until his opposition brief, the court should not have granted summary judgment in the government's favor.

\*   \*   \*

Accordingly, for the foregoing reasons, the court grants the government's October 13, 2009 motion for summary judgment and dismisses these consolidated cases with prejudice.

**SO ORDERED.**

March 12, 2010.

                                        _____
                                        SIDNEY A. FITZWATER
                                        CHIEF JUDGE